UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDDIE ALEXANDER | CIVIL ACTION NO: |
| VERSUS | JUDGE |
| VOLUME TRANSPORTATION, INC. AND HOPE BRIDGES | MAGISTRATE JUDGE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE OF REMOVAL**

Defendants, Volume Transportation, Inc. ("Volume Transportation"), and Hope Bridges ("Ms. Bridges") (collectively the "Defendants"), hereby remove the action captioned "*Freddie Alexander v. Volume Transportation, Inc., and Hope Bridges,*" bearing case number 673715, Section "25" on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. In support of this notice of removal, Defendants plead the following grounds:

I.

On September 11, 2018 this civil action was filed by plaintiff, Freddie Alexander ("Plaintiff"), in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, bearing case number 673715, Section "25." It is alleged that on September 18, 2017, in East Baton Rouge Parish, Plaintiff was involved in a collision with a tractor trailer owned by Volume Transportation and operated by Ms. Bridges. Plaintiff seeks to recover damages for personal injuries and damages allegedly sustained as a result of the accident. Plaintiff further alleges that his injuries were caused by the negligence of Ms. Bridges as well as the vicarious liability of Volume Transportation. *See generally* Petition for Damages.

II.

Plaintiff, Freddie Alexander, was at the time of filing of this action, and still is, a resident and domiciliary of Louisiana.

III.

Defendant, Ms. Bridges, was at the time of the filing and still is, a resident and domiciliary of South Carolina.

IV.

Defendant, Volume Transportation, was at the time of the filing of this action, and still is, a foreign corporation incorporated under the laws of Georgia, with its principal place of business in Georgia.

V.

On information and belief, the Petition for Damages ("Petition") and Citation were served on Volume Transportation on or about October 13, 2018, via the Louisiana Long Arm Statute. The Petition and Citation were served on Ms. Bridges on or about October 23, 2018, via the Louisiana Long Arm Statute.

VI.

It is not apparent on the face of the Petition that the action is within the original jurisdiction of this Court under the provisions of 28 U.S.C. §1332; specifically, the Petition does not show that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. To the contrary, Plaintiff states in his Petition that his damages to not exceed $75,000. *See generally* Petition for Damages.

VII.

The Petition fails to describe with any degree of specificity the scope and/or extent of the alleged injuries or damages sustained by Plaintiff. Instead, the Petition generally states that Plaintiff

"was caused to sustain severe injuries and/or damages", for which he seeks to recover "(1) general damages for physical pain and suffering, mental pain, suffering, anguish, anxiety, humiliation, loss and impairment of enjoyment of life and lifestyle, physician impairment and/or disability, need to undergo medical care or treatment, and any and all other elements of general damages to which he may be entitled, (2) special damages for medical, hospital, and related expenses, (3) special damages for loss and/or impairment of earnings and/or earning capacity, (4) loss of consortium, loss of society, loss of support, (5) loss of use of vehicle and property damage and (6) any other damages or equitable relief to which petitioner(s) may be entitled." The Petition fails to specify with any detail the injuries allegedly incurred by Plaintiff and the corresponding medical treatment Plaintiff received for his alleged injuries. *See generally* Petition for Damages.

VIII.

On February 21, 2019, Defendants propounded written discovery requests to Plaintiff, consisting of interrogatories and requests for production of documents, seeking information as to Plaintiff's alleged injuries and the corresponding treatment, if any, for same. Plaintiff failed to respond to Defendant's written discovery requests within the time limits provided by state law. As such, a discovery conference was held between the parties on April 22, 2019. On May 2, 2019, Defendant's received Plaintiffs responses to the aforementioned interrogatories and requests for production of documents, including select records of Plaintiff's medical treatment following the accident, which put Defendant on notice that the amount in controversy exceeds $75,000, exclusive of interest and costs, in this case involving diverse parties. These records reflect that Plaintiff complained of pain in his neck, back, wrists, hands, and legs, as well as numbness and tingling in both of his legs and headaches, all of which he associates with the instant accident. Plaintiff's treatment providers, including his orthopedic surgeon, Dr. Allen Johnston, diagnosed Plaintiff with a posterior subligamentous lumbar disc herniation at L2-3 causing narrowing of the right inferior

neural foramen and a posterior lumber disc bulge at L3-4, as well as lumbar radiculopathy into both legs. The records include multiple MRI film reports, extensive and ongoing chiropractic and conservative treatment, prescriptions for narcotic pain medication, and recommendations for lumbar injections. *See* **Exhibit "A,"** Affidavit of Counsel, and **Exhibit "B,"** Plaintiff's Select Medical Records.

IX.

Quantum research reveals that actions involving spinal injuries and recommended treatment similar to the injuries and treatment alleged by Plaintiff, place the amount in controversy in excess of $75,000. *See Strother v. Continental Cas. Ins. Co.*, 05-1094 (La. App. 3 Cir. 11/22/06); 944 So.2d 774; *Collier v. Benedetto*, 04-1025, 04-1026 (La. App. 5th Cir. 2/15/05); 897 So.2d 775; *Duchamp v. State Farm Mut. Auto Ins. Co.*, 2005-339 (La. App. 3rd Cir. 11/2/05); 916 So.2d 498; *Hoyt v. Gray Ins. Co.*, 00-2517 (La. App. 4th Cir. 1/31/2002); 809 So.2d 1076. *See also* **Exhibit "A,"** Affidavit of Counsel.

X.

Considering all of the above, this is a civil action within the original jurisdiction of this Court under the provisions of 28 U.S.C. §1332 and is thus removable to this Court pursuant to the provisions of 28 U.S.C. §1441, *et seq.*, because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

XI.

In compliance with 28 U.S.C §1446(a), a copy of all process, pleadings and orders served upon Defendant to date in state court are attached as **Exhibit "C,"** *in globo,* and made a part hereof.

XII.

In compliance with the requirements of 28 U.S.C. § 1446(b)(2), "all defendants who have been properly joined and served" have joined in the removal of this action. The named defendants in this matter are Volume Transport and Ms. Bridges, all of whom are jointly presenting the instant

removal, through undersigned counsel.

XIII.

In compliance with the requirements of 28 U.S.C. § 1446(b)(3), this notice of removal is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

XIV.

In compliance with 28 U.S.C. §1446 (d), Defendants hereby certify that this notice of removal is being served contemporaneously herewith to all adverse parties, and to the Clerk of Court of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

**WHEREFORE**, Defendants, Volume Transportation, Inc., and Hope Bridges, pray that this cause be removed from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to this Honorable Court, to proceed thereafter in the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

*/s/ David M. Schroeter*
M. Davis Ready, T.A. (Bar No. 24616)
David M. Schroeter (Bar No. 36009)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163
Telephone:        (504) 569-2030
Facsimile:         (504) 569-2999
**Attorneys for Volume Transportation, Inc. and Hope Bridges**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all known counsel of record by facsimile, by e-mail, by hand-delivery, or by placing a copy of same in the United States mail, postage prepaid and properly addressed, this **24th** day of **May, 2019**.

/s/ *David M. Schroeter*