UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDDIE ALEXANDER | CIVIL ACTION NO: |
| VERSUS | JUDGE |
| VOLUME TRANSPORTATION, INC. AND HOPE BRIDGES | MAGISTRATE JUDGE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE OF LOUISIANA

PARISH OF ORLEANS

### AFFIDAVIT

BEFORE ME, the undersigned authority, appeared

### DAVID M. SCHROETER

who, after being duly sworn by me did state as follows:

1. I am counsel for defendants, Volume Transportation, Inc., ("Volume Transportation") and Hope Bridges ("Ms. Bridges") (collectively the "Defendants").

2. On September 11, 2018, plaintiff, Freddie Alexander ("Plaintiff"), filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, against Defendants to recover damages for injuries he allegedly sustained in a collision with a tractor trailer owned by Volume Transportation and operated by Ms. Bridges.

3. In this matter, it is alleged that negligence on the part of Ms. Bridges and Volume Transportation caused Plaintiff to sustain damages. *See generally* Petition for Damages.

4. Plaintiff does not allege with specificity the injuries he asserts arose from this incident. Instead, Plaintiff generally asserts that he sustained "severe injuries and/or damages." *See generally* Petition for Damages.

5. The Petition also fails to specify with any detail the medical treatment Plaintiff received for his alleged injuries. *See generally* Petition for Damages.

6. Plaintiff simply alleges that he is entitled to damages for "(1) general damages for physical pain and suffering, mental pain, suffering, anguish, anxiety, humiliation, loss and impairment of enjoyment of life and lifestyle, physician impairment and/or disability, need to undergo medical care or treatment, and any and all other elements of general damages to which he may be entitled, (2) special damages for medical, hospital, and related expenses, (3) special damages for loss and/or impairment of earnings and/or earning capacity, (4) loss of consortium, loss of society, loss of support, (5) loss of use of vehicle and property damage and (6) any other damages or equitable relief to which petitioner(s) may be entitled." *See generally* Petition for Damages.

7. On February 21, 2019, Defendants propounded written discovery requests to Plaintiff, consisting of interrogatories and requests for production of documents, seeking information as to Plaintiff's alleged injuries and the corresponding treatment, if any, for same. Plaintiff failed to respond to Defendant's written discovery requests within the time limits provided by state law. As such, a discovery conference was held between the parties on April 22, 2019. On May 2, 2019, Defendant's received Plaintiffs responses to the aforementioned interrogatories and requests for production of documents, including select records of Plaintiff's medical treatment following the accident, which put Defendant on notice that the amount in controversy exceeds $75,000, exclusive of interest and costs, in this case involving diverse parties. These records reflect that Plaintiff complained of pain in his neck, back, wrists, hands, and legs, as well as numbness and tingling in both of his legs and headaches, all of which he associates with the instant accident. Plaintiff's treatment

providers, including his orthopedic surgeon, Dr. Allen Johnston, diagnosed Plaintiff with a posterior subligamentous lumbar disc herniation at L2-3 causing narrowing of the right inferior neural foramen and a posterior lumber disc bulge at L3-4, as well as lumbar radiculopathy into both legs. The records include multiple MRI film reports, extensive and ongoing chiropractic and conservative treatment, prescriptions for narcotic pain medication, and recommendations for lumbar injections. *See* **Exhibit "B,"** Plaintiff's Select Medical Records.

8. Quantum research reveals that actions involving spinal injuries and recommended treatment similar to the injuries and treatment alleged by Plaintiff, place the amount in controversy in excess of $75,000. *See Strother v. Continental Cas. Ins. Co.*, 05-1094 (La. App. 3 Cir. 11/22/06); 944 So.2d 774; *Collier v. Benedetto*, 04-1025, 04-1026 (La. App. 5th Cir. 2/15/05); 897 So.2d 775; *Duchamp v. State Farm Mut. Auto Ins. Co.*, 2005-339 (La. App. 3rd Cir. 11/2/05); 916 So.2d 498; *Hoyt v. Gray Ins. Co.*, 00-2517 (La. App. 4th Cir. 1/31/2002); 809 So.2d 1076.

9. Receipt of the May 2, 2019 medical records from Plaintiff is the first time the undersigned received notice that the amount in controversy in this matter exceeds $75,000.

10. The foregoing is true and correct to the best of my knowledge.

_____
DAVID M. SCHROETER

SWORN TO AND SUBSCRIBED

BEFORE ME, THIS __24__ DAY

OF MAY, 2019.

_____
NOTARY PUBLIC

00741545-1

3