# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

FREDDIE ALEXANDER                                    CIVIL ACTION

VERSUS

                                                      NO. 19-330-JWD-RLB

VOLUME TRANSPORTATION, INC.,
ET AL.

## NOTICE

       Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

       In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

       **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 8, 2019.

       **RICHARD L. BOURGEOIS, JR.**
       **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**FREDDIE ALEXANDER**                                        **CIVIL ACTION**

**VERSUS**
                                                                            **NO. 19-330-JWD-RLB**
**VOLUME TRANSPORTATION, INC.,**
**ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand. (R. Doc. 6).  The motion is opposed.

(R. Doc. 7).  Plaintiff filed a Reply. (R. Doc. 13).

## I.        Background

This is a personal injury action involving an automobile accident.  On September 11,

2018, Freddie Alexander ("Plaintiff") initiated this action in the 19th Judicial District Court for

the Parish of East Baton Rouge, Louisiana. (R. Doc. 4-1 at 2-5, "Petition").  Plaintiff alleges that

on September 18, 2017, he was operating a commercial truck involved in a collision with a

vehicle driven by Hope Bridges while in the course and scope of his employment with Volume

Transportation, Inc. (collectively, "Defendants"). (Petition ¶¶ 4-5).  Plaintiff seeks recovery for

"(1) general damages for physical pain and suffering, mental pain, suffering, anguish, anxiety,

humiliation, loss and impairment of enjoyment of life and lifestyle, physical impairment and/or

disability, need to undergo medical care and treatment, and any and all other elements of general

damages to which he may be entitled, (2) special damages for medical, hospital, and related

expenses, (3) special damages for loss and/or impairment of earnings and/or earning capacity, (4)

loss of consortium, loss of society, loss of support, (5) loss of use of vehicle and property

damage and (6) any other damages or equitable relief to which the petitioner(s) may be entitled."

(Petition ¶ 11).  Plaintiff asserts that the damages seek the requisite amount for trial by jury. (Petition ¶ 15).

On May 24, 2019, Defendants removed the action on the basis that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1).  Defendants assert that there is complete diversity because Plaintiff is a citizen of Louisiana, Volume Transportation, Inc. is a citizen of Georgia, and Ms. Bridges is a citizen of South Carolina. (R. Doc. 1 at 2).  Defendants further assert that the amount in controversy requirement is satisfied based on medical records obtained on May 2, 2019 indicating that the Plaintiff sustained a posterior subligamentous lumbar disc herniation at L2-3, a posterior lumbar disc bulge at L3-4, and "lumbar radiculopathy into both legs."  (R. Doc. 1 at 3-4).  The medical records have been filed into the record. (R. Doc. 1-3).

On June 21, 2019, Plaintiff moved for remand on the basis that removal was untimely and the amount in controversy requirement for diversity jurisdiction is not satisfied. (R. Doc. 6).

## II.    Arguments of the Parties

In support of remand, Plaintiff first argues that removal is untimely because Defendants have failed to establish that the case was <u>not</u> removable within thirty days of receipt of the Petition filed in state court under 28 U.S.C. § 1446(b). (R. Doc 6-1 at 3-4).  Plaintiff argues that Defendants have otherwise failed to prove that the amount in controversy likely exceeds $75,000 by setting forth summary judgment type evidence or facts in controversy. (R. Doc. 6-1 at 4-7). Plaintiff asserts that because his past medical expenses only totaled $6,005.60 and he was not recommended for surgery, the amount in controversy is not satisfied notwithstanding his bulging discs and herniation. (R. Doc. 6-1 at 5-7).  Plaintiff submits copies of the relevant medical invoices. (R. Doc. 6-2).

In opposition, Defendants argue the Petition did not affirmatively reveal on its face that the amount in controversy requirement was satisfied, and that the 30-day removal period was not triggered until receipt of the medical records obtained on May 2, 2019, which Defendants argue constitute an "other paper" under 28 U.S.C. § 1446(b)(3).  (R. Doc. 7 at 2-5).  With respect to the amount in controversy requirement, Defendants argue that Plaintiff's medical records constitute sufficient evidence that the amount in controversy is satisfied even though the expenses incurred are only $6,005.60, because Plaintiff has been recommended to undergo steroid injections for a disc herniation and bulge, as well as lumbar radiculopathy into his lower extremities. (R. Doc. 7 at 5-9).

In reply, Plaintiff argues that Defendants misrepresents that Plaintiff was diagnosed with lumbar radiculopathy. (R. Doc. 13).

**III.    Law and Analysis**

**A**.    **Timeliness of Removal**

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).  In the context of determining whether the 30-day period for removal is triggered under § 1446(b)(1) where the plaintiff does not allege the amount in controversy, the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading *'affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)).  The Court in *Mumfrey* noted that if a plaintiff wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, he shall "place in the initial pleading **a specific allegation that damages are in excess of the federal jurisdictional amount**." *Id.* (citing *Chapman*). Such a statement would provide notice to defendants that the removal clock had been triggered but would not run afoul of state laws that prohibit pleading unliquidated damage amounts.

With regard to triggering the 30-day time period from a defendant's receipt "of an amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), the Fifth Circuit has provided that the 30-day period is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain"). Accordingly, the standard for triggering removal based upon a subsequent "amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), is at least as strict as the standard for triggering the 30-day period for removal based on an initial pleading, as provided in § 1446(b)(1).

Here, the Petition does not affirmatively reveal on its face that Plaintiff is seeking damages in excess of $75,000.[1]  Furthermore, it is not "unequivocally clear and certain" from the medical records provided to Defendants that the jurisdictional amount is satisfied.  Accordingly, the 30-day period for removal was not triggered by either the Petition or the medical records, and, accordingly, the action was timely removed.

The Court will turn to the issue of whether the amount in controversy requirement is satisfied so as to maintain federal jurisdiction.

### B.    Diversity Jurisdiction and Amount in Controversy

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the

---

[1] The analysis regarding whether a pleading "affirmatively reveals on its face" such that the 30 day removal period is triggered is not the same as whether it is "facially apparent" such that removal may be appropriate.  *See Mumphrey* at 400 (distinguishing "amount dispute" cases from "timeliness" cases).

evidence, that the amount in controversy exceeds [\$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above \$75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed \$75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916

(5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

As the parties do not dispute that there is complete diversity, the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a). The Court will first consider whether it is facially apparent from the Petition that Plaintiff's claims likely exceed $75,000. If not, the Court will then look to the facts in controversy that may support a finding of the jurisdictional minimum.

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal-Mart Stores, Inc.*, No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08-1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)). "When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores,* No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

Plaintiff alleges that she was in an automobile accident and suffered broad categories of damages including pain and suffering, mental pain, suffering, anguish, anxiety, humiliation, loss and impairment of enjoyment of life and lifestyle, physical impairment and/or disability, need to undergo medical care and treatment, in addition to special damages including medical, hospital, and other related expenses. (Petition ¶ 11).  The Court gives some weight to Plaintiff's request for a jury trial, which suggests that Plaintiff believes her claims to exceed $50,000, which is the threshold for a right to a jury trial in Louisiana under La. C.C.P. Art. 1732.  In the absence of any specific details in the Petition regarding the alleged injuries and damages incurred by Plaintiff, however, the Court concludes that the amount in controversy is not facially apparent. *See Brown v. Richard*, No. 00-1982, 2000 WL 1653835, at *4 (E.D. La. Nov. 2, 2000) ("While the jury demand for state court can be a factor in determining whether the amount in controversy requirement for federal jurisdiction is satisfied, this factor alone is not controlling to satisfy the jurisdictional requirement.").

Based on the foregoing, the allegations in the Petition do not support a finding that the amount in controversy is facially apparent.  The Court will now consider whether the defendants have met their burden of establishing that the amount in controversy requirement is satisfied through the submission of summary judgment type evidence.

Defendants solely rely on Plaintiff's medical records in support of a finding that the amount in controversy requirement is satisfied. (R. Doc. 1 at 7-9).  These documents indicate that Plaintiff has an L2-3 herniated disc, an L3-4 posterior bulging disc, and was recommend for epidural steroid injections. (R. Doc. 1-3 at 1-7).  While the Court has found no evidence of a diagnosis of "lumbar radiculopathy" (and Defendants have not specified where such a diagnosis is in the medical records), Plaintiff was diagnosed with leg and hand radiculopathy on September

18, 2017. (R. Doc. 1-3 at 22-23). The sole evidence of the medical expenses incurred are those for $6,005.60 submitted by Plaintiff. (R. Doc. 6-2). Nothing specific has been provided regarding the expenses associated with any recommended treatment.

Defendants rely on several decisions where plaintiffs with multiple disc bulges and a recommendation for steroid injections have recovered general damages exceeding $75,000. However, those cases involved injuries and specific facts that are not present in the instant case. *See Strother v. Continental. Cas. Ins. Co.,* 944 So.2d 774 (La. App. 3d Cir. 2006) (affirming general damages award of $144,000 for plaintiff with a cervical and lumbar strain due to an automobile accident and had accrued $44,986.75 (over 7x greater than instant case) in past medical expenses); *Collier v. Benedetto,* 897 So.2d 775 (La. App. 5th Cir. 2005) (increased award of general damages from $50,000 to $75,000 where plaintiff declined *surgery* and was awarded $5,718.75 in medical expenses); *Duchamp v. State Farm Mut. Auto Ins. Co.,* 916 So.2d 498 (La. App. 3rd Cir. 2005) (the plaintiff was entitled to $100,000 for future pain and suffering and there was support for $85,000 in future medical expenses); *Hoyt v. Gray Ins. Co.*, 809 So.2d 1076 (La. App. 4th Cir. 2002) (award of $150,000 in general damages was not manifestly erroneous, past medicals were separate).

A general review of quantum cases demonstrates that general damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections. *See*, *e.g.*, *Clement v. Carbon*, 153 So. 3d 460, 464 (La. App. 5th Cir. 2014) (affirming award of $30,000 in general damages for bulging disc at C5-6); *Moody v. Cummings*, 37 So. 3d 1054, 1062 (La. App. 4th Cir. 2010) (affirming award of $45,000 in general damages for minimal bulging at C2-3, C4-5, and C5-6, which appeared to be degenerative, and not traumatic in origin, and pain for a period of 4 years);

*Mixter v. Wilson*, 54 So. 3d 1164, 1169 (La. App. 5th Cir. 2010) (increasing award for general damages to $30,000 where MRI revealed two ruptured discs and one bulging disc, and plaintiff was treated with epidural steroid injections); *Holford v. Allstate Ins. Co.*, 935 So. 2d 758, 763 (La. App. 2nd Cir. 2006) (affirming general damages award of $25,000 for "chronic back pain" where MRIs revealed mild bulging discs at L1-2 and T11-12 likely aggravated by the accident); *DiMaggio v. Williams*, 900 So. 2d 1014, 1019 (La. App. 5th Cir. 2005) (affirming general damages award of $15,000 for two bulging discs); *Orillac v. Solomon*, 765 So. 2d 1185, 1190 (La. App. 2nd Cir. 2000) (reducing general damages award to $30,000 where MRI revealed minimal bulging of two discs and slight encroachment between vertebra); *but see Locke v. Young*, 42,703 (La. App. 2nd Cir. 2007), 973 So. 2d 831, 847 (reducing award of $150,000 in general damages award for two bulging discs to $75,000).

Several recent federal court decisions have held that the removing defendant did not meet its burden of providing the amount in controversy where the plaintiff suffered disc bulging or herniation without operation, and incurred less than $15,000 in medical expenses at the time of removal. *See Barrow v. James River Ins. Co.*, No. 16-15967, 2017 WL 656725 (E.D. La. Feb. 15, 2017) (amount in controversy not satisfied where plaintiff incurred $4,600 in medical expenses at time of removal, and received physical therapy and an epidural steroid injection to treat disc herniations at L3-4, L4-5 and L5-S1); *McCain v. Winn-Dixie Montgomery, LLC*, No. 16-1546, 2016 WL 2908418 (E.D. La. May 19, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $6,384 in medical expenses at time of removal, and medical records indicated annual cervical bulges at C4-5, C5-6, and C6-7; exacerbation of several preexisting lumbar disc herniations; and other injuries to wrist and hip); *Robichaux v. Wal-Mart Stores, Inc.*, No. 16-1786, 2016 WL 1178670 (E.D. La. Mar. 28, 2016) (amount in controversy

not satisfied where slip-and-fall plaintiff incurred $7,555 in medical expenses at time of removal, and MRI demonstrated that the plaintiff had a "mild bilateral facet arthropathy at L3-4, bilateral facet arthropathy and a circumferential broad based posterior disc bulge with resultant mild central canal stenosis and biltateral foraminal narrowing at L4-5, and mild bilateral facet arthropathy at L5-S1"); *Powell v. Cadieu*, No. 15-4839, 2016 WL 1042351 (E.D. La. Mar. 16, 2016) (amount in controversy not satisfied where plaintiff incurred $1,948 in medical expenses at time of removal, and MRI tests indicated plaintiff had "lumbar facet arthrosis at L3-4 and L4-5 with bulging at L3-4 with annulus fibrosus tear with bulging at L5-S1 and L2-3 and L4-5"); *Arnold v. Lowe's Home Centers, Inc.*, No. 10-4454, 2011 WL 976512 (E.D. La. Mar. 16, 2011) (amount in controversy not satisfied where slip-and-fall plaintiff incurred approximately $12,000 in medical expenses at time of removal, and suffered a herniated disc at C3-4 for which epidural steroid injections were prescribed); *cf. Thibodeaux v. GEICO Advantage Ins. Co.*, No. 16-158, 2016 WL 4055660 (M.D. La. July 8, 2016) (denying remand where "defendants correctly pointed out that the medical bills show consistent treatment with charges in excess of $45,000" and "[t]he medical records provided by the defendants similarly show that [the Plaintiff] had preexisting injuries in his neck and back that were aggravated by the . . . accident.").

The primary decisions relied upon by the parties from this district are distinguishable from the facts in the instant action.  In support of remand, Plaintiff relies on the decision *Cole v. Mesilla Valley Transportation*, No. 16-841, 2017 WL 1684515 (M.D. La. May 1, 2017), *adopting report and recommendation*, 2017 WL 1682566 (M.D. La. Mar. 15, 2017).  In *Cole*, the plaintiffs alleged that they suffered injuries as a result of an automobile accident and submitted a "settlement package" that did not make a demand for a specific amount, but indicated that one of the plaintiffs had incurred $7,318 in medical expenses, with the possible

additional cost of an MRI. *Cole*, 2017 WL 1682566, at *1, 6. The plaintiffs refused to stipulate prior to removal that the amount in controversy requirement was satisfied. *Id*. The medical records indicated that the plaintiff at issue "suffered various disc bulges in the lumbar region and has been recommended an epidural steroid injection to relieve his pain." *Id*. at *4. There was no evidence of disc herniation or recommendation of surgery.[2] Under these facts, the removing defendant failed to meet its burden of establishing that the amount in controversy requirement was satisfied. *Id*. The district judge remanded the action for lack of subject matter jurisdiction. *See Cole*, 2017 WL 1684515.

In opposition to remand, Defendants rely on the decision *Thomas v. Louis Dreyfus Commodities, LLC*, No. 15-394, 2016 WL 1337655 (M.D. La. Apr. 1, 2016), *adopting report and recommendation*, 2016 WL 1317937 (M.D. La. Mar. 11, 2016). In *Thomas*, the plaintiff alleged that when a steel cable attached to a wench disengaged, it struck him in the head and body, knocked him to unconscious to the ground, and caused various injuries. *Thomas*, 2016 WL

---

[2] This Court recognizes that "[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended." *Robinson v. Kmart Corp.*, No. 11-12, 2011 WL 2790192, at *4 n.4 (M.D. La. Apr. 28, 2011), *report and recommendation adopted*, 2011 WL 2937952 (M.D. La. July 14, 2011). Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record. *See, e.g., Hebert v. Hanco Nat. Ins. Co.*, No. 07-362, 2009 WL 255948, at *4-5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"); *Espadron v. State Farm Mut. Auto. Ins. Co.*, No. 10-53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a "herniated cervical disc [or] segmental cervical instability" and a "herniated lumbar disc [or] segmental lumbrosacral instability" and was a "potential surgical candidate" and plaintiff stipulated that his damages did not exceed $50,000). That said, the potential award of general damages where herniated discs are alleged and the plaintiff has not undergone surgery is significant, and courts have found the amount in controversy satisfied where such allegations are made. *See, e.g., Reeves v. TPI Restaurants, Inc.*, No. 05-1778, 2007 WL 1308380, at *2 (W.D. La. Apr. 13, 2007), *report and recommendation adopted*, ECF No. 26 (W.D. La. May 3, 2007); *McDonald v. Target Corp. of Minn.*, No. 11-598, 2011 WL 2160495, at *1 (E.D. La. June 1, 2011). The *McDonald* decision noted that "Louisiana jurisprudence indicates that ... injuries of herniated cervical disc and cervical spinal stenosis have generated awards greater than $75,000 even without surgery." *Id.* (citing *Rico v. Sewerage and Water Bd. of New Orleans*, 929 So.2d 143 (La. App. 4th Cir.2006) (granting $150,000 when back surgery was recommended but not performed); *Piazza v. Behrman Chiropractic Clinic, Inc.*, 601 So.2d 1378 (La.1982) (granting $111,600 for mental and physical pain and suffering, medical expenses, disability, past and future, and loss of consortium for herniated disc); and *Fontenot v. Laperouse,* 774 So.2d 278 (La. App. 3rd Cir.2000) (granting $120,000 for herniated and bulging disc) (parenthetical information as provided in *McDonald* )).

1317937, at *1.  In response to a *sua sponte* order requiring briefing on the amount in controversy requirement, the parties submitted briefing agreeing that the amount in controversy requirement was satisfied in light of the $26,637.57 in medical bills incurred and Plaintiff's diagnosis of the following conditions: "concussion with loss of consciousness, post-concussion syndrome, headaches, carpal tunnel syndrome, herniated lumbar disc(s), bulges of the cervical spine, and neck pain." *Id*. at *2.  The Court concluded that the amount in controversy requirement was satisfied given the record, including Plaintiff's acknowledgement that he believed the amount in controversy requirement to be satisfied. *Id*. at *4-5.  The district judge retained subject matter jurisdiction. *See Thomas*, 2016 WL 1337655.

While the *Cole* and *Thomas* decisions are instructive, the Court finds that the amount in controversy requirement remains ambiguous given the specific facts of this case.  Here, the medical records indicate that Plaintiff suffers from an L2-3 herniated disc and an L3-4 posterior bulging disc, and was recommend for epidural steroid injections. (R. Doc. 1-3 at 1-7).  Plaintiff was also diagnosed with leg and hand radiculopathy on September 18, 2017. (R. Doc. 1-3 at 22-23).  There is evidence that Plaintiff incurred medical expenses of only $6,005.60 at the time of removal. (R. Doc. 6-2).  Plaintiff asserts that he did not receive an epidural steroid injection as of the date of the filing of the Motion to Remand on June 21, 2019. (R. Doc. 6-1 at 7).  There is no evidence that Plaintiff suffered multiple herniated discs, that surgery was recommended, that Plaintiff made a significant settlement demand, or that Plaintiff refused to stipulate that the amount in controversy requirement is not satisfied.  Plaintiff does not concede that the amount in controversy requirement is satisfied.  Furthermore, Defendants do not submit any summary judgment type evidence supporting a finding that any of the other alleged categories of damages,

including impaired earning capacity or property damage, support a finding that the amount in controversy requirement is satisfied.

Having reviewed the record and the pertinent case law discussed above, the Court concludes that there remains ambiguity with respect to whether the amount in controversy is satisfied.  As set forth above, 28 U.S.C. § 1441 is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch*, 491 F.3d at 281-82; *Manguno*, 276 F.3d at 723.  As Defendants have failed to meet their burden that the jurisdictional amount is met, the action must be remanded for lack of jurisdiction.

## IV.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 6) be **GRANTED** and the action is **REMANDED** to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.

Signed in Baton Rouge, Louisiana, on November 8, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**